UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DENIS GALANIS,

        Plaintiff,

        -v-                                                                                   No. 13 Civ. 4344 (LTS)(AJP)

THE HARMONIE CLUB OF THE CITY OF
NEW YORK, and CHRISTOPHER CAREY

        Defendants.
-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Plaintiff Denis Galanis ("Plaintiff"), brings this action against his employer, the Harmonie Club of the City of New York (the "Club") and the Club's General Manager Christopher Carey ("Carey," collectively, "Defendants"). Construing Plaintiff's Complaint in the light most favorable to him, Plaintiff asserts claims for age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 621 et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 et seq., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code. §§ 8-101 et seq.; claims for hostile work environment and retaliation on the basis of his age and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.; and claims for discrimination and retaliation on the basis of his national origin in violation of the NYCHRL; as well as common law claims for intentional infliction of emotional distress; breach of implied contract of employment;[1] breach of contract; and a claim

---

[1] Plaintiff does not specifically enumerate causes of action for retaliation under the ADEA and the NYSHRL or for intentional infliction of emotional distress and breach of implied contract of employment. However, as these claims are alleged within the body of the Complaint, reading the Complaint in the light most

for injuries and damages.  Plaintiff also asserts a claim against Carey for aider and abettor liability under the NYSHRL.[2]  The Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331 and 1367.  Defendants move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court has reviewed thoroughly all of the parties' submissions and arguments.  For the following reasons, Defendants' motion is granted in part and denied in part.

## BACKGROUND[3]

Plaintiff is a seventy-three year old man of Hellenic national origin.  (Compl. ¶¶ 19, 23.)  The Club is a private social club that employs approximately 100 employees to run its two restaurants, banquet hall and fitness center.  (Id. ¶ 29.)  Plaintiff has worked as a waiter for the Club since 1988.  (Id. ¶ 22.)  According to Plaintiff, in recent years, the Club's employees, including Carey, have "engaged in a concerted effort to force him to retire."  (Id. ¶ 24.)  Plaintiff alleges that, over the past several years, the Club's supervisors and managers have routinely teased Plaintiff about his age, including calling Plaintiff "an old man," and persistently questioning him about his retirement plans.  (Id. ¶ 25.)  Plaintiff further contends that one of his supervisors told him that he should retire because the "Harmonie Club is well positioned to

---

favorable to the Plaintiff, the Court construes the Complaint as also alleging these causes of action.

[2] As Plaintiff fails to specify in his Complaint which of his claims are asserted against the Club and which are asserted against Carey as an individual defendant, the Court will construe his claims as asserted against both Defendants unless the Complaint clearly indicates otherwise.

[3] Unless otherwise indicated, the following facts are taken from the Complaint and are accepted as true for purposes of the instant motion.

replace him with 'a thousand young people willing to do the job.'" (Id. ¶ 26.)  According to Plaintiff, his managers and supervisors ignored the discriminatory comments that were made to Plaintiff and, instead of reprimanding the relevant parties, encouraged them.  (Compl. ¶ 27.)  In his EEOC Charge, Plaintiff contends that the Club created an environment "that promotes age based harassment" and that Carey and other supervisory and non-supervisory employees "repeatedly asked [him] to retire." (Pl. Mem. of Law in Opp. to Defs' Motion to Dismiss Ex. A, EEOC Charge, at 3.)

Plaintiff claims that he objected to his managers' age-based comments and complained to the Club in writing, in accordance with the Club's policies, before filing his EEOC charge in August 2010. (Compl. ¶¶ 11, 12, 13, 33, 34; Pl. Mem. of Law in Opp. to Defs' Motion to Dismiss, Ex. A, EEOC Charge.)  In retaliation for these complaints and in order to force him to retire, Plaintiff alleges, the Club issued warnings to Plaintiff; scrutinized his work performance; increased his workload; denied him compensation opportunities; demoted him without cause; and withheld his pay.  (Compl. ¶¶ 28, 35, 58.)  Plaintiff contends that the Club began issuing warnings to him in October 2004, shortly after the arrival of a new General Manager, and continued to issue warnings through January 29, 2010.  (Id. ¶ 35.)

Plaintiff filed a written Charge of Discrimination and Retaliation with the EEOC on August 23, 2010.  (Id. ¶¶ 11, 12, 13; Pl. Mem. of Law in Opp. to Defs' Motion to Dismiss, Ex. A, EEOC Charge.)  The EEOC issued its determination on June 29, 2012, and stated that there was reason to believe that the Club had discriminated and retaliated against Plaintiff in violation of the ADEA.  (Compl. ¶ 31, Pl. Mem. of Law in Opp. to Defs' Motion to Dismiss, Ex. B.)  The

EEOC issued Plaintiff's "Notice of Right to Sue" on March 28, 2013.[4]  (Compl. ¶ 13, Ex. A.) Plaintiff timely filed the instant action.  (Id. ¶ 13.)

## DISCUSSION

When deciding a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court "accept[s] as true all factual statements alleged in the complaint and draw[s] reasonable inferences in favor of the non-moving party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007).  While detailed factual allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Pleadings consisting only of "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  However, "the question on a Rule 12(b)(6) motion 'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"  Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995)).  In determining a Rule 12(b)(6) motion to dismiss, the Court may consider the complaint, any exhibits attached to the complaint, materials incorporated in the complaint by reference, and documents that, "although not incorporated by reference, are 'integral' to the complaint."

---

[4]   The Notice of the Right to Sue provides that "[t]he EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the [Club] that would provide relief for [Plaintiff]." (Compl., Ex. A.)  However, the Notice further provides that, for unspecified reasons, "the EEOC has decided that it will not bring suit against the [Club] at this time based on this charge and will close its file in this case." (Id.)

Schwartzbaum v. Emigrant Mortgage Co., No. 09 Civ. 3848, 2010 WL 2484116, at *3 (S.D.N.Y. June 16, 2010) (citations omitted).

In the employment discrimination context, "a complaint need not establish a prima facie case of employment discrimination to survive a motion to dismiss; however, the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim." Wolf v. Time Warner, Inc., 09 Civ 6549, 2011 WL 856264, at *4 (S.D.N.Y. Mar. 3, 2011) (internal quotation marks and citations omitted). "Although a plaintiff need not plead facts to establish a prima facie case of employment discrimination in order to survive a motion to dismiss, the court [nonetheless] considers the elements of a prima facie case in determining whether there is sufficient factual matter in the Complaint which, if true, give the Defendant[s] fair notice of Plaintiff['s] employment discrimination claims and the grounds on which such claims rest." Id. (internal quotation marks and citations omitted).

Age-Based Discrimination in Violation of the ADEA and the NYSHRL

The ADEA and the NYSHRL make it unlawful for an employer to discharge or otherwise discriminate against any individual with respect to "compensation," "terms, conditions, or privileges of employment," due to that individual's age. 29 U.S.C. § 623(a)(1); N.Y. Exec. Law § 296. Because "[d]iscrimination claims brought under the NYSHRL are analyzed under the same standard as those brought under [the] ADEA," the Court considers Plaintiff's ADEA and NYSHRL age-based discrimination claims together. See Clarke v. InterContinental Hotels Group, PLC, No. 12 Civ. 2671(JPO), 2013 WL 2358596, at *11 (S.D.N.Y. May 30, 2013). To state a discrimination claim under the ADEA and the NYSHRL, so as to survive a motion to dismiss, a plaintiff must allege that "he was a member of a protected

class, his employer took an adverse employment action against him, and this action occurred under circumstances from which a discriminatory motivation can be inferred." Chang v. City of New York Dep't for the Aging, No. 11 Civ. 7062(PAC)(JLC), 2012 WL 2156800, at *3 (S.D.N.Y. June 14, 2012) (internal quotation marks and citation omitted).

   Here, the Plaintiff, who is seventy-three years old, was within the protected age group. The ADEA protects people over the age of forty and the NYSHRL protects people over the age of eighteen. See 29 U.S.C. § 631(a); N.Y. Exec. Law § 296. Plaintiff has also sufficiently alleged that he "possesses the basic skills necessary for performance of [the] job." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 92 (2d Cir. 2001) (quoting Owens v. New York City Hous. Auth., 934 F.2d 405, 409 (2d Cir. 1991)). Plaintiff was employed as a waiter at the Club for over twenty-five years before the events in question. See, e.g., Hird-Moorhouse v. Belgian Mission to United Nations, No. 03 Civ. 9688, 2010 WL 3910742, at *4 (S.D.N.Y. Oct. 5, 2010) ("Plaintiff's nineteen years at the Mission demonstrate that she had the basic skills necessary for a secretary-receptionist and was qualified for the position").

   Plaintiff also sufficiently alleges that the Club took an adverse employment action against him. An adverse employment action is a "materially adverse change in the terms and conditions of employment." Noon v. Int'l Business Machines, No. 12 Civ. 4544(CM)(FM), 2013 WL 6504410, at *1 (S.D.N.Y. Dec. 11, 2013) (internal quotation marks and citations omitted). "Classic examples of adverse employment actions include termination of employment or demotion indicated by diminution in wage, less distinguished title, material loss of benefits [or] significantly diminished material responsibilities." Id. (internal quotation marks and citations omitted). Here, while verbal abuse and the assignment of a heavier workload alone cannot generally qualify as an adverse employment action, see, e.g., Novak v. Waterfront

Comm'n of New York Harbor, 928 F. Supp. 2d 723, 732 (S.D.N.Y. 2013) (citing cases), the allegations of withholding Plaintiff's pay, demoting him and denying him compensation opportunities are sufficient to identify adverse employment actions, see, e.g., Gatto v. Jet Blue Airways, No. 09 Civ. 983(LTS)(KNF), 2010 WL 125974, at *2, n.4 (S.D.N.Y. Jan. 14, 2010) ("termination, demotions, salary reductions and other materially adverse changes in the terms and conditions of employment will constitute adverse employment actions").

As for the third element – namely, that the adverse action occurred under circumstances from which discriminatory motivation can be inferred, Plaintiff alleges that managers and supervisors would deliberately, in front of him and other similarly-aged employees, refer to younger employees as "the star team" and "cream of the cream." (Compl. ¶ 32.) Plaintiff also stated in his EEOC Charge that he was "warned in written [sic] for entering the kitchen area but members of management and similarly situated younger employees have . . . entered the kitchen, prepared food and have not been disciplined." (Pl. Mem. of Law in Opp. to Defs' Motion to Dismiss, Ex. A at 3.) See Mandell v. Cnty. of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) ("[a] showing of disparate treatment . . . is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case"); see also Gundlach v. Int'l Bus. Machs. Corp., No. 11 Civ. 846, 2012 WL 1520919, at *5 (S.D.N.Y. May 5, 2012) (although a "plaintiff must ultimately specifically show himself to be similarly situated in all material respects to the individuals with whom he compares h[im]self," discriminatory motive can be inferred if an employer treats similarly situated employees outside a plaintiff's protected group more favorably). Furthermore, the EEOC found that Plaintiff had been subjected to age-based discrimination, which motivated the adverse employment actions taken against him. (See

Compl., Ex. B.)  Accordingly, at this juncture, Plaintiff has sufficiently alleged facts suggesting that he was subject to age-based discrimination in violation of the ADEA and NYSHRL.

Age-based Retaliation in Violation of the ADEA and NYSHRL

To state a claim for retaliation under the ADEA and the NYSHRL, a plaintiff must allege that: "(1) [the employee] was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." Gertskis v. U.S. E.E.O.C., No. 11 Civ. 5830, 2013 WL 1148924(JMF), at *9 (S.D.N.Y. March 20, 2013) (internal quotation marks omitted and citation omitted) (explaining what is required to bring a prima facie case of retaliation under Title VII and the ADEA); see also Uy v. Mount Sinai Hosp., No. 10 Civ. 5674(LAP), 2012 WL 4560443, at *6 (S.D.N.Y. Sept. 30, 2012) (retaliation claims under the NYSHRL are analyzed under the same standard as claims brought under the ADEA).  With regard to the first two prongs, a plaintiff is understood to have engaged in a protected activity if he had a "good faith, reasonable belief that he was opposing an employment practice made unlawful by . . . [the ADEA or the NYSHRL]." Kessler v. Westchester County Dep't of Soc. Servs., 461 F.3d 199, 210 (2d Cir. 2006).  Here, Plaintiff alleges that he complained about the age-related comments to management, as he believed that he was facing "age discrimination." (Compl. ¶ 28.)  Plaintiff thus sufficiently alleges that he engaged in a protected activity.  Plaintiff also alleges that "the employer was aware of th[e] activity," as he stated that he complained to the Club in writing in accordance with the Club's policy.  (Id. ¶¶ 33, 34.)  See, e.g., Smith v. St. Luke's Roosevelt Hosp., No. 08 Civ. 4710, 2009 WL 2447754, at *21 (S.D.N.Y. Aug. 11, 2009)

(an employer is aware of the protected activity when the employee repeatedly complained to the employer).

As for the third prong, a challenged action is materially adverse when "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks and citations omitted).[5] The Supreme Court has emphasized that "[m]aterial adversity" is "important [in order] to separate significant from trivial harms." Id. Plaintiff alleges that, in retaliation for his complaints, the Club increased his workload, scrutinized him, withheld his pay, demoted him, and denied him compensation opportunities. (Compl. ¶¶ 35, 58.)  Plaintiff also alleges that he was issued written warnings.  (Id. ¶ 35.) Reading the Complaint in the light most favorable to Plaintiff, issuing written warnings, scrutinizing one's performance, assigning a heavier workload, withholding pay, demoting a person, and eliminating compensation opportunities would dissuade a reasonable employee from engaging in a protected activity.  See Burlington Northern, 548 U.S. at 68-69 ("[w]e phrase the standard in general terms because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters").  Therefore, Plaintiff sufficiently alleges that he suffered a "materially adverse action."

The final prong of Plaintiff's retaliation claim can be satisfied by pleading either: "(1) that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in

---

[5] While the Court in Burlington Northern dealt with a retaliation claim under Title VII rather than the ADEA, the same standard governs the analysis under both statutes.  See, e.g., Gertskis, 2013 WL 1148924, at * 9

similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." Kirkweg v. New York City Dep't of Educ., No. 12 Civ. 2635, 2013 WL 1651710, at *5 (S.D.N.Y. Apr. 4, 2013) (quoting Hicks v. Baines, 593 F.3d 159, 170 (2d Cir. 2010) (internal quotation marks omitted)).  Plaintiff alleges that he repeatedly complained to the Club about the discrimination he was facing from October 2004 through January 29, 2010, at which time the Club began to issue warnings to him.  The other adverse actions against him also allegedly occurred during this time period.  Furthermore, in its determination, the EEOC found that "[t]he Commission's investigation supports the Charging Party's allegations that Respondent retaliated against him for complaining of age discrimination." (Compl., Ex. B at 3.) At the pleading stage, it is sufficient that the Plaintiff offers factual allegations that can plausibly be viewed as adverse employment actions taken shortly after the protected activity. Accordingly, taking Plaintiff's allegations as true, Plaintiff has sufficiently alleged retaliation under the ADEA and the NYSHRL to survive Defendants' motion to dismiss.

Age-based Discrimination and Retaliation in violation of the NYCHRL

"NYCHRL claims must be analyzed separately and independently from federal and state discrimination claims." Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102, 113 (2d Cir. 2013).  The NYCHRL establishes that it is an unlawful discriminatory practice for an employer "because of the actual or perceived age . . . of any person, . . . to discriminate against such person in compensation or in terms, conditions, or privileges of employment."  N.Y.C. Admin. Code § 8–107(1)(a).  As amended, the NYCHRL provides that it "shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human

rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed." N.Y.C. Admin. Code. § 8–130.  To state a claim for discrimination under the NYCHRL, a plaintiff must allege that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." See White v. Pacifica Found., No. 11 Civ. 2192, 2013 WL 5288851, at *12 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted).  To state a claim for retaliation under the NYCHRL, the retaliation or discrimination need not result in termination or even a materially adverse change in the terms or conditions of employment and must only "be reasonably likely to deter a person from engaging in protected activity." Restoration Act § 3 (amending N.Y.C. Admin. Code § 8–107(7)).  Under the NYCHRL, Plaintiff must show that he "took an action opposing h[is] employer's discrimination . . . and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." Mihalik, 715 F.3d at 112. As explained above, Plaintiff has sufficiently pleaded age-based discrimination and retaliation under the ADEA and the NYSHRL.  Under the more liberal provisions of the NYCHRL, Plaintiff has also sufficiently pleaded age-based discrimination and retaliation.

Title VII Age-Based Hostile Work Environment and Retaliation Claims

    Plaintiff's Second and Fifth Causes of Action purport to state a claim for age and national origin discrimination and retaliation in violation of Title VII.  Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

2(a)(1). Since Title VII does not cover age as a protected characteristic, Plaintiff cannot assert age discrimination and retaliation claims under Title VII and these claims are dismissed as a matter of law.

National-Origin Based Hostile Work Environment and Retaliation Claims under Title VII

Title VII does cover national origin as a protected characteristic. To state a hostile work environment claim under Title VII, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive – that is, . . . creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment "that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [national origin]." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotation marks and citations omitted). To state a claim for retaliation on the basis of national origin in violation of Title VII, a plaintiff must plead facts that would tend to show that: "(1) [he] participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging [him]; and (3) there existed a causal connection between the protected activity and the adverse action." La Grande v. DeCrescente Distrib. Co., Inc., 370 F. App'x 206, 212 (2d Cir. 2010).

Here, the Complaint is devoid of any factual allegations suggesting that anyone at the Club took any action or made any comments in connection with Plaintiff's national origin. Plaintiff's conclusory allegations consist solely of recitations of the elements of the relevant causes of action and are thus insufficient to state a claim that would entitle him to relief. See Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice"). Plaintiff further fails to allege that he engaged in a protected activity in connection with his national origin. Therefore, Plaintiff's national origin-based claims under Title VII are dismissed.

National Origin-Based Discrimination under the NYCHRL

The NYCHRL also makes it unlawful "[f]or an employer or an employee or agent thereof, [because of a person's membership in a protected class,] to discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8–107(1)(a). As explained above, Plaintiff's Complaint is factually deficient with respect to his national origin claims. Plaintiff does not present any facts demonstrating that the Club took an adverse employment action (or any adverse action) against him because of his national origin. Therefore, even under the more liberal standard of the NYCHRL, Plaintiff cannot satisfy the elements of national origin-based discrimination claim so as to survive Defendants' motion to dismiss.

Aider and Abettor Liability under the NYSHRL

"Neither the ADEA nor Title VII allows for the imposition of personal liability on the part of an individual, employee or supervisor." Mabry v. Neighborhood Defender Serv., 769 F. Supp. 2d 381, 391 (S.D.N.Y. 2011). However, the NYSHRL provides for the imposition of liability on individual defendants for discrimination. Under the NYSHRL, it is "an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this [provision], or to attempt to do so." N.Y. Exec. Law § 296(6). However, the NYSHRL requires that "liability must first be established as to the

employer/principal before accessorial liability can be found as to an alleged aider and abettor." Jain v. McGraw-Hill Cos., Inc., 827 F. Supp. 2d 272, 277 (S.D.N.Y. 2011).  Here, Plaintiff has sufficiently pleaded claims for age-based discrimination and retaliation against his employer, the Club.  He alleges that Carey "engaged in a concerted effort to force [Plaintiff to retire" and had "the power to make and carry out personnel decisions."  (Compl. ¶¶ 18, 24, 56.)  In his EEOC Charge, Plaintiff further contends that Carey specifically "repeatedly asked [him] to retire."  (Pl. Mem. of Law in Opp. to Defs' Motion to Dismiss, Ex. A, EEOC Charge at 3.)  The Court finds that, at this juncture, Plaintiff has alleged sufficient facts to establish his claim against Carey for aiding and abetting age-based discrimination.

Breach of Contract Claim

Under New York law, to state a claim for breach of contract, a plaintiff "must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue."  Levy v. Bessemer Trust Co., No. 97 Civ. 1785, 1997 WL 431079, at *5 (S.D.N.Y. July 30, 1997). Plaintiff alleges that "[p]laintiff's duties and position was [sic] held under a contract and employee handbook, all of which constitute a contract of employment."  (Compl. ¶ 71.)[6] However, while the Complaint alleges that Plaintiff's employee handbook constituted a contract, Plaintiff fails to identify the provisions of the handbook the Club allegedly breached.  Levy, 1997 WL 431079, at *5.  Moreover, the handbook in this case contains an explicit disclaimer

---

[6] Plaintiff failed to attach the handbook to the Complaint.  Instead, the handbook is attached to the Notice of Defendants' Motion to Dismiss as Exhibit A.  However, the Court may still consider the handbook because the Complaint "relies heavily upon its terms and effect, which renders the [handbook] integral to the [C]omplaint."  Chambers., 282 F.3d at 153.

providing that "[t]his handbook is not a contract of employment between you and the Harmonie Club." (Notice of Defs' Motion to Dismiss Ex. A, at ii.) Under New York law, such a disclaimer in an employment handbook "indicat[es] that it is not a contract [and] precludes a breach of contract claim." Chow v. Stride Rite Corp., No. 05 Civ. 02417, 2009 WL 196030, at *11 (S.D.N.Y. Jan. 27, 2009).

Moreover, to the extent that Plaintiff intends to allege that the contract to which he refers in the Complaint is his Collective Bargaining Agreement ("CBA"), as he argues in his opposition to the motion to dismiss, he still fails to state a claim for breach of contract. To begin with, on a motion to dismiss, the Court can only consider facts alleged in the Complaint and the CBA was not mentioned in Plaintiff's Complaint. Civic Ctr. Motors, LTD v. Mason Street Imp. Cars, LTD, 387 F. Supp. 2d 378, 382 (S.D.N.Y. 2005). However, even if the Court were to construe the CBA as the "contract" that Plaintiff intended to refer to in the Complaint, Plaintiff's breach of contract claim fails, as Plaintiff does not allege that "the Union breached its duty of fair representation in handling [the] grievance." Chaney v. Greyhound Lines, Inc., No. 09 Civ 7593(HB), 2010 WL 2541369, at *3 (S.D.N.Y. June 23, 2010) (holding that one cannot "maintain a breach of contract action that is based on h[is] C[ollective] B[argaining] A[greement]" if the plaintiff fails to allege that "the Union breached its duty of fair representation in handling [the] grievance"). Here, Plaintiff does not plead any facts about the Union or its duty of fair representation. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's breach of contract claim.

Breach of Implied Contract of Employment

While Plaintiff purports to state a claim for breach of implied contract of employment (Compl. ¶ 5), he similarly fails to provide any factual allegations with respect to the implied contract, to specify the terms of the alleged implied contract or to enumerate the provision of the contract that the Club allegedly breached.  See, e.g., Levy, 1997 WL 431079, at *5 (stating that "[f]or a breach of contract claim, [a] [p]laintiff must provide specific allegations as to an agreement between the parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue").  Accordingly, this cause of action is also dismissed.

Intentional Infliction of Emotional Distress

Under New York law, to establish a claim for intentional infliction of emotional distress, a plaintiff needs to show "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." Thai v. Cayre Group, Ltd., 726 F. Supp. 2d 323, 331 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).  The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society."  Id.  However, absent a claim of sex discrimination, battery, or sexual harassment, New York courts generally will not find intentional infliction of emotional distress in the employment discrimination context.  See Daniels v. Health Ins. Plan of Greater New York, No. 02 Civ. 6054, 2005 WL 1138492, at *3 (S.D.N.Y. May 12, 2005) ("[i]n the rare instances where the New York courts have found the complaint sufficient to state a claim for

intentional infliction of emotional distress in the employment context, the claims have been accompanied by allegations of sex discrimination, and more significantly, battery") (internal quotation marks and citation omitted).  As Plaintiff does not allege facts related to sex discrimination, battery or sexual harassment, or any extreme and outrageous conduct by Defendants,  this claim is also dismissed for failure to state a cause of action.

Injuries and Damages

In his Ninth Cause of Action, Plaintiff purports to state a separate and independent cause of action for injuries and damages.  Claims for damages, however, are not viable unless they are tied to a particular cause of action.  See, e.g., Hoffenberg v. Meyers, 73 F. App'x 515, 517 (2d Cir. 2003).  Plaintiff's claim for injuries and damages is not tied to any cause of action and is, therefore, dismissed.

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is granted in part and denied in part.

This Order resolves docket entry number 9.

 The Parties must promptly electronically file any exhibits to their submissions that have not previously been uploaded to ECF.

Defendants must file an Answer within fourteen days of the entry of this Order.

The  parties are hereby ordered to appear before the undersigned for an initial pretrial conference on **Friday, February 28, 2014, at 11:00 a.m.** and to make a submission in

advance of their conference in accordance with the Initial Conference Order (see docket entry no. 5).

       SO ORDERED.

Dated: New York, New York
       January 10, 2014

/S
LAURA TAYLOR SWAIN
United States District Judge
